```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

ANTHONY G. BROWN #A-72335,        )
                                  )
              Plaintiff,          )
                                  )
     v.                           )    No.  11 C 1717
                                  )
MARCUS HARDY, WARDEN,             )
                                  )
              Defendant.          )

## MEMORANDUM ORDER

On March 11, 2011 this Court issued a brief memorandum order ("Order") in this action instituted by Anthony Brown ("Brown"), who had filed what he described in the Order as "a bulky self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against Stateville Correctional Center ("Stateville") Warden Marcus Hardy, complaining of just about everything at Stateville"--perhaps an understatement.  Because the Order identified some other deficiencies in Brown's submission, it did not speak to its several possible substantive problems, importantly including (1) Brown's attempt to go back in time far beyond the two-year-limitation period provided by Section 1983, (2) his effort to impose Section 1983 liability on Stateville Warden Marcus Hardy on a basis that appears to be at odds with <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) and (3) his unconscionable demand for $1 million in compensatory damages and $2.5 million in punitive damages.

In any event, Brown has now submitted the information called

for by the Order as to his trust fund account at Stateville. That submission discloses the average monthly deposits to that account during the relevant six-month period ended March 6, 2011 had amounted to $30.91, 20% of which (see 28 U.S.C. §1915(b)(1)) is $6.18.

Accordingly, Brown's In Forma Pauperis Application is granted to the extent that he need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.  Brown is therefore assessed that initial partial payment of $6.18, and the Stateville trust fund officer is ordered to collect that amount from Brown's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Brown's name and the 11 C 1717 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Brown may hereafter be confined) is authorized to collect monthly payments from Brown's trust fund account in an amount equal to 20% of the

preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

As for the substance of Brown's Complaint, though it is obvious for example that Warden Hardy cannot be held responsible for the overcrowding at Stateville, and there may well be various other problems with Brown's invocation of Section 1983 (including those of the type referred to in the first paragraph of this memorandum order), this Court will leave it to the Illinois Attorney General's Office to determine which of the Complaint's turgid allegations call for an answer and which should more appropriately be dealt with by motion.[1] Meanwhile this Court is contemporaneously entering its customary initial scheduling order.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 5, 2011

---

[1] This should not be misunderstood as a directive to that office to file a hybrid response if it is believed instead that a motion alone is the route to take. This memorandum order also expresses no definitive view as to whether Brown has met the 42 U.S.C. §1997e(a) prefiling requirement of exhaustion of administrative remedies.