IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTHONY G. BROWN #A-72335,   )
                             )
            Plaintiff,       )
                             )
    v.                       )   No.  11 C 1717
                             )
MARCUS HARDY, WARDEN,        )
                             )
            Defendant.       )

MEMORANDUM ORDER

This Court's memorandum order ("Order") issued on April 5, 2011 in this pro se action brought by Anthony Brown ("Brown") began by confirming the grant of Brown's In Forma Pauperis Application ("Application") in accordance with 28 U.S.C. §1915. After that discussion the Order delivered what was the equivalent of a shot across Brown's bow as to the substance of his Complaint:

> As for the substance of Brown's Complaint, though it is obvious for example that Warden Hardy cannot be held responsible for the overcrowding at Stateville, and there may well be various other problems with Brown's invocation of Section 1983 (including those of the type referred to in the first paragraph of this memorandum order), this Court will leave it to the Illinois Attorney General's Office to determine which of the Complaint's turgid allegations call for an answer and which should more appropriately be dealt with by motion.[1]  Meanwhile this Court is contemporaneously entering its customary initial scheduling order.

_____

   [1] This should not be misunderstood as a directive to that office to file a hybrid response if it is believed instead that a motion alone is the route to take.  This memorandum order also expresses no definitive view as to whether Brown has met the 42

U.S.C. §1997e(a) prefiling requirement of exhaustion of administrative remedies.

Sure enough, the Attorney General's Office has responded on behalf of Warden Hardy with a motion to dismiss the entire action--and really an unanswerable one. Here is the quotation from Steidl v. Gramley, 151 F.3d 739, 741-42 (7th Cir. 1998) (emphasis added) as included in that response--a passage that could well have been written for this case:

> For the purposes of a motion to dismiss, a warden cannot be assumed to be directly involved in the prison's day-to-day operations. See Duncan v. Duckworth, 644 F.2d 653, 656 (7th Cir. 1981). This principle does not impose a substantive limitation on a warden's liability beyond the established one against vicarious liability. Nor does it raise the bar for the pleadings of a class of civil rights plaintiffs. It is simply the uniform application of a rule of construction: <u>an inference that a warden is directly involved in a prison's daily operations is not reasonable</u>.... The prison might be very small, the title "warden" might be used in an unusual way, or a warden might have temporarily taken on direct management of some aspects of the prison due to special circumstances. Nothing of that sort is alleged here.

As the motion to dismiss states, Brown's Complaint is chock full of allegations as to what "defendant, through his subordanants," has done or not done--a classic situation for invoking the principle underlying Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978)(something forecast in the Order). And Brown's other allegations as to Warden Hardy's "failure to correct" other conditions about which Brown complains suffer from the same vice articulated in Steidl:

2

They do not identify persons actually responsible for the matters alleged, so that seeking to place them at the Warden's doorstep provides another instance of impermissible vicarious liability.

Accordingly the Warden's motion to dismiss is granted. Both the Complaint and this action are indeed dismissed.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: July 25, 2011